I respectfully dissent from the majority decision to reverse the Deputy Commissioners Opinion and Award and to award benefits to plaintiff for this alleged stress-related "occupational disease.
In order to be eligible to receive compensation for an occupational disease, a claimant must prove (1) that the disease is characteristic of the trade or occupation in which he is employed; (2) that the disease is not an ordinary disease of life to which the public is exposed outside of the claimants employment; and (3) that there is a causal connection between the employment and the occupational disease in question. Rutledge v.Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983). After careful review of the facts of this case, I believe that plaintiff has failed to establish either a causal connection between his employment and his condition or that he was at an increased risk of developing his condition over that of the general public not so employed.
There is uncontroverted evidence that plaintiff suffers from depression and panic attacks. Drs. Brian A. Simpson and James S. Forrester attribute plaintiffs condition to the unpredictable nature of plaintiffs work and the excessive overtime he was required to perform. However, for a number of reasons, these causation opinions should be given no weight. First, the evidence demonstrates that plaintiff greatly exaggerated the unpredictability of his job. Defendant operated its overtime schedule by use of a "call-out list on which volunteers for overtime could enter their names. An employee was on call to work overtime only if his name appeared on that list, except in unusual instances. No employee was actually on call 24 hours a day, seven days a week as plaintiff represented to his physicians. In addition, employees were notified of the time a shipment of coal was arriving, and what time they would need to return to work. It was rare if ever that an employee did not know that he was expected to return to work and at what time.
As for plaintiffs allegations of excessive overtime and 90 plus hour weeks, the employment records clearly show that in the 52 weeks of 1997 plaintiff worked less than forty hours per week 27 times, and that he worked more than 50 hours per week only four times. Plaintiff never worked more than 59 hours per week. Further, plaintiffs call-out hours for the entire year of 1997 totaled 110.5, and, except for a three week period in March where plaintiff worked 40.5 call-out hours, the years total is only 70 hours spread over 49 weeks. This evidence contradicts plaintiffs exaggerated statements on which the physicians rely in rendering an opinion on causation. This kind of exaggeration is, in fact, one of the symptoms of depression illnesses. Accordingly, the causation evidence in this case is not reliable.
There are also numerous factors in plaintiffs personal life which contributed to his depression, including the recent death of his father, the illness of his mother for whom he provided care, financial difficulties, and the recurrence of a childhood asthma condition. Plaintiffs medical records show that he presented to his family physician for depression as early as 1989, and that in the intervening period he sought medical attention for recurring tension headaches, med-epigastric discomfort, panic attacks and asthma symptoms. Any and all of these stressors could reasonably be responsible for plaintiffs condition, but were not factored into the opinions rendered by plaintiffs doctors in establishing a causal connection between plaintiffs employment and his depression.
Plaintiff has also failed to demonstrate that his employment exposed him to an increased risk over that of the general public in developing his current condition. The evidence showed that plaintiff was not in fact on call 24 hours a day, seven days a week; rather, for the most part, the call-out program as operated by defendant was voluntary and usually gave specific notice of the times an employee would be called in to work. Further, plaintiffs time sheets show that, with the exception of a three week period in 1997, plaintiff participated in the call-out program less than 2 hours a week. There is no reliable evidence that plaintiffs employment in fact increased his risk of a stress-related illness over that of employments in general, and the medical testimony supporting plaintiffs claim is based upon plaintiffs misstated and exaggerated presentation of the nature of his job.
For these reasons, I vote to affirm the Opinion and Award of the Deputy Commissioner.
 S/______________ RENE C. RIGGSBEE COMMISSIONER